**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

JOAN GIBSON,

      Plaintiff,

      v.

PHH MORTGAGE CORPORATION;
ALDRIDGE PITE, LLP; and JOHN DOE
SUBSTITUTED TRUSTEE,

      Defendants.

CIVIL ACTION NO.: 4:26-cv-24

**O R D E R**

On February 2, 2026, Defendant PHH Mortgage Corporation filed a Motion to Dismiss (hereinafter, the "Motion"). (Doc. 5.) When roughly three months passed without Plaintiff, who is proceeding *pro se*, having filed a response to the Motion, the Court entered an Order, on April 30, 2026, directing Plaintiff to show cause, within 28 days, why her case should not be dismissed for her failure to prosecute this action. (Doc. 6.) The Court's deadline expired over a week ago, yet Plaintiff has completely failed to respond to the show cause directive, much less the Motion, and she has taken no other action in this case.

A party's failure to comply with court orders and failure to prosecute are not trivial oversights. A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626, 629–31 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows

for the involuntary dismissal of a plaintiff's claims where she has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. S.D. Ga. Local R. 41.1(b) ("[T]he assigned Judge may, after notice . . . , *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] [w]illful disobedience or neglect of any order of the Court . . . .").  Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits."  Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Here, Plaintiff's failure to respond to Defendant's Motion and failure to comply with the Court's Order directing her to file a response demonstrate a clear record of neglect which strongly suggests that she no longer wishes to participate in this lawsuit.  Despite the Court warning her that it would dismiss her case if she did not respond, she has not taken any action in this case since its removal to this Court months ago.  Therefore, the Court **DISMISSES** this case **WITHOUT PREJUDICE**.

**SO ORDERED**, this 5th day of June, 2026.

R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

2